1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ERIC ROBINSON,

11              Plaintiff,                    No. CIV S-11-1388 GGH P
         vs.
12

13   SOLANO STATE PRISON, et al.,

14              Defendants.          ORDER
     _____/
15

16          Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks

17   relief pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed and plaintiff

18   has filed a first amended complaint.

19          The court is required to screen complaints brought by prisoners seeking relief

20   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24   U.S.C. § 1915A(b)(1),(2).

25          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5    Cir. 1989); Franklin, 745 F.2d at 1227.

6             A complaint must contain more than a "formulaic recitation of the elements of a

7    cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8    speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9    "The pleading must contain something more...than...a statement of facts that merely creates a

10   suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11   Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

12   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13   v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14   S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15   the court to draw the reasonable inference that the defendant is liable for the misconduct

16   alleged."  Id.

17            In reviewing a complaint under this standard, the court must accept as true the

18   allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19   738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20   and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21   1843 (1969).

22            Plaintiff's original complaint stated that he was sleeping in the top bunk of a bunk

23   bed when he rolled over and fell off breaking his shoulder.  That complaint was dismissed with

24   leave to amend for plaintiff to allege sufficient facts to demonstrate a constitutional violation and

25   to identify the appropriate defendants.

26            While plaintiff has identified a doctor who said, "no" to plaintiff's request for a

1  lower bunk, the remainder of plaintiff's first amended complaint is vague, incoherent, and at

2  times incomprehensible.  Plaintiff again states that he fell off of his bunk and identifies a doctor

3  who was allegedly deliberately indifferent to plaintiff's serious medical needs.  However, it is

4  difficult to understand from the complaint how the doctor is liable.  The doctor allegedly did not

5  put plaintiff in the sick ward after the fall and as a result plaintiff's wounds were infected because

6  the prison in general is unsanitary and overcrowded according to plaintiff.  Plaintiff also alleges

7  he was improperly denied a lower bunk.  In addition, plaintiff lists many other of his medical

8  problems, but fails to link any of them to any defendant in this case.  Plaintiff also spent a great

9  deal of time discussing his underlying arrest in Los Angeles and how he was unjustly convicted.

10         Plaintiff's first amended complaint is dismissed but plaintiff will be granted leave

11  to file a second amended complaint.  Plaintiff should not include information concerning his

12  arrest and conviction as that has no bearing on the instant civil rights complaint.  Plaintiff should

13  focus on how specific prison conditions were unsafe, how he was denied a lower bunk and

14  provide information concerning how the doctor was deliberately indifferent to his serious

15  medical needs.

16         In order to state a claim for violation of the Eighth Amendment based on

17  inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence

18  deliberate indifference to serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).

19  To prevail, plaintiff must show both that his medical needs were objectively serious, and that

20  defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299,

21  (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of

22  mind for a medical claim is "deliberate indifference."  Hudson v. McMillian, 503 U.S. 1, 4

23  (1992).

24         A serious medical need exists if the failure to treat a prisoner's condition could

25  result in further significant injury or the unnecessary and wanton infliction of pain.  Indications

26  that a prisoner has a serious need for medical treatment are the following:  the existence of an

3

1   injury that a reasonable doctor or patient would find important and worthy of comment or

2   treatment; the presence of a medical condition that significantly affects an individual's daily

3   activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900

4   F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01

5   (9th Cir. 1989).  McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other

6   grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

7           In Farmer v. Brennan, 511 U.S. 825 (1994) the Supreme Court defined a very

8   strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of

9   course, negligence is insufficient.  Farmer, 511 U.S. at 835.  However, even civil recklessness

10   (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should

11   be known) is insufficient.  Id. at 836-37.  Neither is it sufficient that a reasonable person would

12   have known of the risk or that a defendant should have known of the risk.  Id. at 842.

13           It is nothing less than recklessness in the criminal sense-subjective

14   standard-disregard of a risk of harm of which the actor is actually aware.  Id. at 838-842.  "[T]he

15   official must both be aware of facts from which the inference could be drawn that a substantial

16   risk of serious harm exists, and he must also draw the inference."  Id. at 837.  Thus, a defendant

17   is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk

18   by failing to take reasonable measures to abate it."  Id. at 847.  "[I]t is enough that the official

19   acted or failed to act despite his knowledge of a substantial risk of serious harm."  Id. at 842.  If

20   the risk was obvious, the trier of fact may infer that a defendant knew of the risk.  Id. at 840-42.

21   However, obviousness per se will not impart knowledge as a matter of law.

22           "Prison officials have a duty to ensure that prisoners are provided adequate

23   shelter, food, clothing, sanitation, medical care, and personal safety."  Johnson v. Lewis, 217

24   F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct.

25   1970 (1994).  When an inmate has been deprived of necessities, "the circumstances, nature and

26   duration of a deprivation of these necessities must be considered in determining whether a

1  constitutional violation has occurred." <u>Johnson</u>, <u>supra</u>, at 731.

2        The Ninth Circuit, in concluding that safety hazards, exacerbated by poor or

3  inadequate lighting, pervaded a Washington penitentiary's occupational areas, "seriously

4  threaten[ing] the safety and security of inmates and creat[ing] an unconstitutional infliction of

5  pain," has stated:

6        Persons involuntarily confined by the state have a constitutional
        right to safe conditions of confinement.  <u>See Youngberg v. Romeo</u>,
7        1982, 457 U.S. 307, 315-16, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28;
        <u>Santana v. Collazo</u>, 1 Cir., 1983, 714 F.2d 1172, 1183 [1983].  Not
8        every deviation from ideally safe conditions amounts to a
        constitutional violation, <u>see</u>, e.g., <u>Santana</u> at 1183.  However, the
9        Eighth Amendment entitles inmates in a penal institution to an
        adequate level of personal safety.  This is required because
10       inmates, by reason of their confinement, cannot provide for their
        own safety. <u>Santana</u>, <u>supra</u>, 714 F.2d at 1183.  <u>See</u> also <u>Estelle v.</u>
11       <u>Gamble</u>, 1976, 429 U.S. 97, at 103-04, 97 S.Ct. 285, 290-91, 50
        L.Ed.2d 251.

12

13  <u>Hoptowit v. Spellman</u>, 753 F.2d 779, 784 (9th Cir. 1985); <u>see</u> also, <u>Osolinski v. Kane</u>, 92 F.3d

14  934, 938 (9th Cir. 1996).

15        Prisoners alleging Eighth Amendment violations based on unsafe conditions must

16  demonstrate that prison officials were deliberately indifferent to their health or safety by

17  subjecting them to a substantial risk of serious harm.  <u>Farmer v. Brennan</u>, 511 U.S. at 833.  "For

18  a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under

19  conditions posing a substantial risk of serious harm." <u>Id.</u> at 834.  The prisoner must also

20  demonstrate that the defendant had a "sufficiently culpable state of mind." <u>Id.</u>  This standard

21  requires that the official be subjectively aware of the risk; it is not enough that the official

22  objectively should have recognized the danger but failed to do so.  <u>Id.</u> at 838.  "[T]he official

23  must both be aware of facts from which the inference could be drawn that a substantial risk of

24  harm exists, and he must also draw the inference." <u>Id.</u> at 837, 114 S. Ct. at 1979.  "[A]n

25  official's failure to alleviate a significant risk that he should have perceived but did not...."  does

26  not rise to the level of constitutionally deficient conduct.  <u>Id.</u> at 838, 114 S. Ct. at 1979.  "[I]t is

5

1  enough that the official acted or failed to act despite his knowledge of a substantial risk of serious

2  harm." <u>Id.</u> at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a

3  defendant knew of the risk.  <u>Id.</u> at 840-42, 114 S. Ct. at 1981.  However, obviousness <u>per se</u> will

4  not impart knowledge as a matter of law.

5          "[D]eliberate indifference entails something more than mere negligence...[but] is

6  satisfied by something less than acts or omissions for the very purpose of causing harm or with

7  knowledge that harm will result."  <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005),

8  quoting <u>Farmer</u>, <u>supra</u>, 511 U.S. at 835, 114 S. Ct. 1970.  Prison officials display a deliberate

9  indifference to an inmate's well-being when they consciously disregard an excessive risk of harm

10 to that inmate's health or safety.  <u>Farmer</u>, 511 U.S. at 837-838, 114 S. Ct. at 1979-80.  However,

11 not every foreseeable accident constitutes deliberate indifference.

12         The Civil Rights Act under which this action was filed provides as follows:

13         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
14         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
15         law, suit in equity, or other proper proceeding for redress.

16 42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

17 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

18 <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

19 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

20 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

21 omits to perform an act which he is legally required to do that causes the deprivation of which

22 complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

23         Moreover, supervisory personnel are generally not liable under § 1983 for the

24 actions of their employees under a theory of <u>respondeat superior</u> and, therefore, when a named

25 defendant holds a supervisorial position, the causal link between him and the claimed

26 constitutional violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862

                                                     6

(9th Cir. 1979); <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978), <u>cert.</u> <u>denied</u>, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362, 96 S.Ct. 598 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's first amended complaint is dismissed for the reasons discussed above, with leave to file a second amended complaint within twenty-eight days from the date of service of this Order.  Failure to file a second amended complaint will result in this action being dismissed;

2.  The motion to amend (Doc. 10) is granted.

DATED: July 22, 2011

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH: ab
robi1388.b2

8