IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ERIC ROBINSON,

        Plaintiff,                    No. CIV S-11-1388 GGH P

   vs.

SOLANO STATE PRISON, et al.,

        Defendants.             ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's first amended complaint was dismissed and plaintiff has filed a second amended complaint. This case is before the undersigned pursuant to plaintiff's consent. Doc. 7.

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

        A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4 Cir. 1989); Franklin, 745 F.2d at 1227.

5 A complaint must contain more than a "formulaic recitation of the elements of a
6 cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the
7 speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
8 "The pleading must contain something more...than...a statement of facts that merely creates a
9 suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal
10 Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient
11 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft
12 v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127
13 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
14 the court to draw the reasonable inference that the defendant is liable for the misconduct
15 alleged."  Id.

16 In reviewing a complaint under this standard, the court must accept as true the
17 allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
18 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,
19 and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
20 1843 (1969).

21 Plaintiff's prior complaints stated that he was sleeping in the top bunk of a bunk
22 bed when he rolled over and fell off breaking his shoulder.  Those complaints were dismissed
23 with leave to amend for plaintiff to allege sufficient facts to demonstrate a constitutional
24 violation and to identify the appropriate defendants and how the doctors were deliberately
25 indifferent to his serious medical needs.  In addition, the prior complaints were vague, incoherent
26 and at times incomprehensible.

Unfortunately, the second amended complaint has failed to cure the deficiencies of the prior complaints. The second amended complaint is often vague and incoherent. At times plaintiff does not identify who has allegedly violated his rights and at other times there are only conclusory allegations against a named defendant. For example, plaintiff was taken to an outside hospital where an unidentified doctor, who may or may not be a state actor, did not set the bone or put plaintiff in a cast. Plaintiff states that Dr. Chino would not put him in the medical ward, yet fails to fully explain how the defendant was deliberately indifferent. Plaintiff also states a different doctor refused to give him the right medication but fails to state what medication he received and what was the proper medication. With respect to the unsafe conditions of sleeping on a top bunk that did not have safety bars, plaintiff has again failed to demonstrate a constitutional violation.

Plaintiff filed the second amended complaint on August 19, 2011, and then filed a "supplement" on September 8, 2011. The supplement is not sufficient to be deemed a separate amended complaint, however, it does provide additional information regarding the actions of the two doctors and aids a bit in understanding plaintiff's claims. However, plaintiff cannot continually file a few pages every few weeks in an attempt to state a cognizable claim.

The second amended complaint filed on August 19, 2011, is dismissed. Plaintiff will be permitted to file a final third amended complaint. All allegations against the defendants need to be included in the third amended complaint. Plaintiff should focus on the specific actions of these two doctors and how their alleged inadequate medical care led to his injuries. Failure to file a third amended complaint will result in this action being dismissed.

Plaintiff is reminded that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no

longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  To prevail, plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind.  Wilson v. Seiter, 501 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir. 1992) (on remand).  The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.  Indications that a prisoner has a serious need for medical treatment are the following:  the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.  See, e.g., Wood v. Housewright, 900 F. 2d 1332, 1337-41 (9th Cir. 1990) (citing cases); Hunt v. Dental Dept., 865 F.2d 198, 200-01 (9th Cir. 1989). McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994) the Supreme Court defined a very strict standard which a plaintiff must meet in order to establish "deliberate indifference."  Of course, negligence is insufficient.  Farmer, 511 U.S. at 835, 114 S. Ct. at 1978. However, even civil recklessness (failure to act in the face of an unjustifiably high risk of harm which is so obvious that it should be known) is insufficient.  Id. at 836-37, 114 S. Ct. at 1979. Neither is it sufficient that a reasonable person would have known of the risk or that a defendant should have known of the risk.  Id. at 842, 114 S. Ct. at 1981.

>A prison official acts with "deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety." Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir.2002) (citation and internal quotation marks omitted).  Under this standard, the prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but that person "must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." Gibson, 290 F.3d at 1188 (citation omitted). FN4 This "subjective approach" focuses only "on what a defendant's mental attitude actually was." Farmer, 511 U.S. at 839, 114 S.Ct. 1970. "Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." McGuckin, 974 F.2d at 1059 (alteration and citation omitted).
>
>>FN4. In a recent case, we recognized that "deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm." Lolli v. County of Orange, 351 F.3d 410, 421 (9th Cir.2003) (citations omitted); see also Gibson, 290 F.3d at 1197 (acknowledging that a plaintiff may demonstrate that officers "must have known" of a risk of harm by showing the obvious and extreme nature of a detainee's abnormal behavior). []

Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).

Also significant to the analysis is the well established principle that mere differences of opinion concerning the appropriate treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90 F.3d 330 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Moreover, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

\\\\

5

Additionally, mere delay in medical treatment without more is insufficient to state a claim of deliberate medical indifference. Shapley v. Nevada Bd. of State Prison Com'rs, 766 F.2d 404, 408 (9th Cir. 1985). Although the delay in medical treatment must be harmful, there is no requirement that the delay cause "substantial" harm. McGuckin, 974 F.2d at 1060, citing Wood v. Housewright, 900 F.2d 1332, 1339-1340 (9th Cir. 1990) and Hudson, 112 S. Ct. at 998-1000. A finding that an inmate was seriously harmed by the defendant's action or inaction tends to provide additional support for a claim of deliberate indifference; however, it does not end the inquiry. McGuckin, 974 F.2d 1050, 1060 (9th Cir. 1992). In summary, "the more serious the medical needs of the prisoner, and the more unwarranted the defendant's actions in light of those needs, the more likely it is that a plaintiff has established deliberate indifference on the part of the defendant." McGuckin, 974 F.2d at 1061.

"Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000), citing, inter alia, Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970 (1994). When an inmate has been deprived of necessities, "the circumstances, nature and duration of a deprivation of these necessities must be considered in determining whether a constitutional violation has occurred." Johnson, supra, at 731.

The Ninth Circuit, in concluding that safety hazards, exacerbated by poor or inadequate lighting, pervaded a Washington penitentiary's occupational areas, "seriously threaten[ing] the safety and security of inmates and creat[ing] an unconstitutional infliction of pain," has stated:

> Persons involuntarily confined by the state have a constitutional right to safe conditions of confinement. See Youngberg v. Romeo, 1982, 457 U.S. 307, 315-16, 102 S.Ct. 2452, 2458, 73 L.Ed.2d 28; Santana v. Collazo, 1 Cir., 1983, 714 F.2d 1172, 1183 [1983]. Not every deviation from ideally safe conditions amounts to a constitutional violation, see, e.g., Santana at 1183. However, the Eighth Amendment entitles inmates in a penal institution to an adequate level of personal safety. This is required because inmates, by reason of their confinement, cannot provide for their

own safety. Santana, supra, 714 F.2d at 1183.  See also Estelle v. Gamble, 1976, 429 U.S. 97, at 103-04, 97 S.Ct. 285, 290-91, 50 L.Ed.2d 251.

Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985); see also, Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996).

Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. at 833. "For a claim ... based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Id. at 834.  The prisoner must also demonstrate that the defendant had a "sufficiently culpable state of mind." Id.  This standard requires that the official be subjectively aware of the risk; it is not enough that the official objectively should have recognized the danger but failed to do so. Id. at 838. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." Id. at 837, 114 S. Ct. at 1979. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not...."  does not rise to the level of constitutionally deficient conduct. Id. at 838, 114 S. Ct. at 1979. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id. at 842, 114 S. Ct. at 1981.  If the risk was obvious, the trier of fact may infer that a defendant knew of the risk. Id. at 840-42, 114 S. Ct. at 1981.  However, obviousness per se will not impart knowledge as a matter of law.

"[D]eliberate indifference entails something more than mere negligence...[but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005), quoting Farmer, supra, 511 U.S. at 835, 114 S. Ct. 1970.  Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. Farmer, 511 U.S. at 837-838, 114 S. Ct. at 1979-80.  However,

not every foreseeable accident constitutes deliberate indifference.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In accordance with the above, IT IS HEREBY ORDERED that plaintiff's second amended complaint is dismissed with leave to amend to file a third amended complaint within 28 days of service of this order.  Failure to file a third amended complaint will result in this action being dismissed.

DATED: October 17, 2011

   /s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: ab
robi1388.b3